UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

THE SUNRISE TRUST and SUSAN KING,

        Plaintiffs,

v.

MORGAN STANLEY & CO. INC., et al.,

        Defendants.

2:12-CV-944 JCM (PAL)

**ORDER**

Presently before the court is plaintiffs Sunrise Trust and Susan King's motion to extend the deadline in which to file a memorandum of points and authorities in support of their motion to vacate. (Doc. #3). Defendants have not responded.

This action was instituted by plaintiffs on June 5, 2012. Plaintiffs seek to vacate an arbitration award delivered by a Financial Industry Regulatory Authority ("FINRA") panel. The award was delivered March 12, 2012. Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10 *et seq.*, plaintiffs had 90-days from the date the award was delivered to file a motion with this court seeking to vacate the award. *See* 9 U.S.C. § 10. By this court's calculation, plaintiff's 90-day period expires Monday, June 11, 2012. Thus, the June 5, 2012, filing was timely.

Pursuant to Local Rule 7-2(a), however, each motion filed in the District of Nevada must be accompanied by a supporting memorandum of points and authorities. Plaintiffs failed to file the

**James C. Mahan**
**U.S. District Judge**

1  supporting memorandum. Plaintiffs now ask that this court suspend the requirements of the local
2  rules to allow plaintiffs an additional 60-days in which to research and brief the reasons why they
3  seek to have the award vacated. In support of their motion, plaintiffs cite Local Rule 1A, which
4  states that "the Court may *sua sponte* or on motion change, dispense with, or waive any of these
5  Rules if the interests of justice so require." Plaintiffs further direct this court to the docket in *Mid-*
6  *Ohio Sec. Corp. v. Estate of Lawrence D. Burns*, Case. No. 2:10-cv-1975-PMP-GWF, contending
7  that the court in that case suspended the operation of Local Rule 7-2(a) to enable plaintiffs additional
8  time to draft and file a memorandum in support of a motion seeking to vacate a FINRA award.

9        As an initial matter, this court notes that the extension in *Mid-Ohio* has no bearing on this
10  court's decision of the instant matter. First, the parties in *Mid-Ohio* stipulated to the extension. *See*
11  Doc. #14 in Docket 2:10-cv-1975-PMP-GWF. Thus, both plaintiff and defendants agreed to the
12  extension. By contrast, plaintiffs here have filed an ex parte motion seeking the extension. It is not
13  clear to the court that defendants consent to – or are even aware of – plaintiffs' request.

14        Second, the stipulated extension in *Mid-Ohio* merely sought to give plaintiffs the full benefit
15  of the 90-day statutory period created by the FAA. In *Mid-Ohio*, the FINRA award was delivered
16  October 11, 2010, and the motion to vacate filed November 10, 2010. The parties agreed that
17  plaintiffs should have until January 10, 2011 in which to file their supporting memorandum – thus
18  the *Mid-Ohio* plaintiffs' motion was still filed within the 90-day statutory period. Here, however,
19  the instant plaintiffs are not seeking the benefit of the FAA's 90-day limitations period, but are
20  requesting 60 additional days above and beyond the FAA period. In effect, plaintiffs are seeking to
21  alter the 90-day limitations period to a 150-day period.

22        Pursuant to Local Rule 1A, this court has the discretion to extend the deadline by suspending
23  Rule 7-2(d). The court chooses not to exercise its discretion at this time, because plaintiffs have not
24  . . .
25  . . .
26  . . .
27  . . .
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1 provided any reason to merit an additional two-months.  Plaintiffs only state that

> Additional time is needed to prepare a thorough memorandum of points and authorities to permit the Court a complete opportunity to review the germane issues implicated by this lawsuit.  For instance, undersigned counsel will need time to fully brief the issues, cite supporting statements from the transcripts, review all pertinent documents and obtain a declaration from Susan King.  The additional time requested herein will permit undersigned counsel sufficient time within which to accomplish the foregoing.

Mot. at 3:1-7.  Plaintiffs do not explain why the previous 90-days provided insufficient time brief the motion.  While the court can imagine a myriad of reasons which would justify the relief requested – for example, if plaintiffs recently retained their current counsel, and thus counsel has not had much time to brief the issue or Ms. King has been very sick, making it unable to effectively communicate with her – no such rationale has been provided to the court.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that judgment on plaintiffs' motion for an extension of time (doc. #3) be, and the same hereby is, DENIED without prejudice.  Plaintiffs shall file a supplement to the instant motion by Friday June 8, 2012.  Failure to do so, will result in denial of the instant motion, and the court will thereby be constrained to deny the underlying motion to vacate pursuant to Rule 7-2(a).

DATED June 6, 2012.

_____
UNITED STATES DISTRICT JUDGE