Ruth L. Cohen, Esq. (NV Bar 1782)
Email: rcohen@caplawyers.com
Paul S. Padda, Esq. (NV Bar 10417)
Email: ppadda@caplawyers.com
COHEN & PADDA, LLP
4240 West Flamingo Road, Suite 220
Las Vegas, Nevada 89103
Tele: (702) 366-1888
Fax: (702) 366-1940
Web: caplawyers.com

Todd M. Leventhal, Esq. (NV Bar 8543)
Email: todlev@yahoo.com
LEVENTHAL & ASSOCIATES
600 South Third Street
Las Vegas, Nevada 89101
Tele: (702) 472-8686
Fax: (702) 472-8685

Attorneys for the Plaintiffs

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

THE SUNRISE TRUST
and SUSAN KING,

      Plaintiffs,

v.

MORGAN STANLEY & CO. INC., MORGAN STANLEY SMITH BARNEY LLC, MORGAN STANLEY & CO. LLC, MORGAN STANLEY CAPITAL GROUP, INC., and TIMOTHY FRANK McELROY,

      Defendants.

Case No. 2:12-CV-0944-JCM-(PAL)

## PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DATED JUNE 6, 2012

Pursuant to Federal Rule of Civil Procedure 60(b)(6), Plaintiffs respectfully request that the Court reconsider its Order (Pacer document 4) issued earlier today

denying Plaintiffs' request for an extension of time (to and until August 6, 2012) to file a memorandum of points and authorities in support of their motion to vacate[1] the arbitration award that is the subject of this lawsuit. The Court's Order directs Plaintiffs to file a memorandum of points and authorities no later than <u>this</u> Friday (June 8, 2012). In support of this request, Plaintiffs rely upon the memorandum of points and authorities set forth below and the accompanying appendix[2] attached herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

Federal Rule of Civil Procedure 60(b)(6) permits a party to seek relief from a final order. In this case, the Court has issued an Order denying Plaintiffs' request for an extension of time to file a memorandum of points and authorities in support of their recently filed motion to vacate an arbitration award. In denying Plaintiffs' request, the Court acknowledges that Local Rule 1A 3-1 confers upon the Court "the discretion to extend the deadline by suspending Rule 7-2(d)." However, the Court's Order states that "the [C]ourt chooses not to exercise its discretion at this time, because [P]laintiffs have not provided any reason to merit an additional two-months." Following this statement, the Court acknowledges that Plaintiffs based their request upon the need "to fully brief the issues, cite supporting statements from the transcripts, review all pertinent documents and obtain a declaration from Susan King." Finding these reasons unpersuasive, the Court has denied Plaintiffs' request. However, in doing so, the Court notes that relief could be granted if "Ms. King has been very sick, making it unable to effectively communicate with her." *See* Order, p. 3 (lines 9-10).

. . .

---

[1] Pacer document 1.

[2] Citations to the appendix contained in this motion appear as "App. ___."

2

I.  **Additional Time Is Needed Based Upon Ms. King's Medical Condition**

Although not mentioned in the Court's Order, undersigned counsel notified the Court in footnote three of its motion for extension (Pacer document 3) that "Ms. King is **currently** undergoing significant medical treatment." Admittedly, however, more elaboration should have been provided by undersigned counsel to the Court on this point. As demonstrated in an attached email (App. 1-2), Ms. King underwent surgery on June 5, 2012 and is currently hospitalized but expected to be released on June 7, 2012 (App. 3). As is evident from the email, Ms. King has been battling significant medical issues. See App. 1-2. Following release from the hospital, Ms. King will need at least a week to recuperate before being able to meet with undersigned counsel. App. 3.

In light of the foregoing, Plaintiffs respectfully request that the Court, in the interests of justice, reconsider its Order denying Plaintiffs' request for an extension of time to file a memorandum of points and authorities in support of the motion to vacate that is pending before the Court. Any failure to properly or persuasively explain to the Court the circumstances necessitating the request for extension was a deficiency on the part of undersigned counsel and should not inure to the detriment of Plaintiffs.

II.  **Should The Court Grant This Motion For Reconsideration, Plaintiffs Will Modify Their Request For Extension To Seek The Earlier Date Of June 29, 2012 Within Which Time To File A Memorandum In Support Of The Motion To Vacate**

Following release from the hospital tomorrow, Ms. King will need approximately one week to recuperate. During this period of time, it will be difficult for her to meet with undersigned counsel. However, given the Court's Order rejecting Plaintiffs' request for an extension of time until August 6, 2012 to file a memorandum of points and authorities in support of the motion to vacate, Plaintiffs are willing to modify their earlier

1  request. Should the Court grant this motion for reconsideration, Plaintiffs will file the
2  requisite memorandum of points and authorities on or before <u>June 29, 2012</u>,
3  approximately 39-days earlier than previously requested.

## CONCLUSION

In light of the foregoing, Plaintiffs respectfully request that the Court reconsider its June 6, 2012 Order and permit Plaintiffs to file a memorandum of points and authorities in support of their motion to vacate on or before June 29, 2012. As noted above, and supported by the information contained in the appendix to this motion, Ms. King has undergone major surgery and will need additional time before being able to meet with undersigned counsel.

Respectfully submitted,

/s/ *Ruth L. Cohen*
/s/ *Paul S. Padda*

Ruth L. Cohen, Esq.
Paul S. Padda, Esq.
COHEN & PADDA, LLP

/s/ *Todd M. Leventhal*

Todd M. Leventhal, Esq.
LEVENTHAL & ASSOCIATES

Attorneys for Plaintiffs

Dated: June 6, 2012

**IT IS SO ORDERED:**

**Plaintiffs' motion for reconsideration of the Court's June 6, 2012 Order is granted. Plaintiffs shall file a memorandum of points and authorities in support of the motion to vacate that is pending before the Court on or before June 29, 2012.**

_____
UNITED STATES DISTRICT JUDGE

Dated: June  8  , 2012

4

# APPENDIX

# Paul S. Padda

| | |
|---|---|
| **From:** | Susi10@aol.com |
| **Sent:** | Saturday, May 26, 2012 12:25 AM |
| **To:** | ppadda@caplawyers.com |
| **Subject:** | Re: update |

Thank you soo much....

In a message dated 5/25/2012 9:37:52 A.M. Pacific Daylight Time, ppadda@caplawyers.com writes:

> Susan, you are an amazing person. I truly admire your courage.
>
> I am going to be working on the complaint this weekend and my goal is to have it ready for filing no later than June 1st. I will email a copy to both you and Pete by this coming Tuesday. Call me anytime if you have questions.
>
> Paul
>
> **From:** Susi10@aol.com [mailto:Susi10@aol.com]
> **Sent:** Friday, May 25, 2012 12:45 AM
> **To:** ppadda@caplawyers.com
> **Cc:** peteconsults@cs.com
> **Subject:** update
>
> I finally verified with the surgeon yesterday that my surgery will be June 5th.....finally.
>
> The last two weeks have been hectic. The insurance approved my surgery right away but they wanted to make sure I was cleared by my neoro Dr. due to the brain aneurysm and strokes. The ins. requested an MRI and the Dr. had some test done. It should have been done in a week..but just one delay after another. They would not do my MRI till they verified what was in my head. I finally have proof of what is in my head...for future tests...12 coils and one stent. I also had problems with the neoro Dr. sitting on things. When I get this behind me, I will definitely change Dr.s I was lucky to have a case manger to help get things done.
>
> The surgeon has worked on me before and feels this should solve my colon problem. (me too) I am actually glad I have an extra week to just re-coop from these last two crazy weeks and mentally get ready. I am sure I will be fine.

1

I will be stuck in the hospital 3 - 6 days...hopefully less. (so June 5th - 8th?) I will be stuck in bed afterwards for a bit. I want to make sure if you need anything I can get it to you before I go in. Also If I need to sign

the complaint....I need to do it before June 5th, incase I get stuck in bed.

I look forward to moving forward...I appreciate both of your support. You both have been kind. I have a lot of people praying for me and this case. Feel free to call me even in the hospital. I will check my phone for messages even in the hospital. If I do not call back in a short time...please feel free to call me again just incase my phone is delaying a message.

Thanks,

Susan King

[phone number redacted]

2



## Declaration of Paul S. Padda

I, Paul S. Padda, do hereby declare as follows:

1.  I am counsel of record in <u>The Sunrise Trust, *et. al.* v. Morgan Stanley & Co., Inc., *et. al.*</u>, case number 2:12-CV-0944-JCM-(PAL) (Federal District of Nevada).

2.  On June 5, 2012, I initiated the above-referenced litigation on behalf of Plaintiffs. The lawsuit involves a challenge to an arbitration award that was delivered on March 12, 2012. At the time the award was delivered, Plaintiffs were unrepresented by counsel.

3.  On June 5, 2012, Susan King was admitted to the hospital for prearranged surgery. The two weeks proceeding the surgery were a hectic time for Ms. King as she attempted to deal with the logistics of the surgery and all the medical arrangements related to that event. Given Ms. King's schedule, I did not meet with her as I did not want to burden her with the stress of the pending litigation prior to her surgery.

4.  On June 6, 2012, I spoke with Ms. King. She is currently recuperating in the hospital following her surgery and has indicated that she will be released on June 7, 2012. Following her release from hospital, Ms. King will need at least a week to fully recuperate before being able to meet with undersigned counsel to discuss the pending litigation.

The foregoing is true and correct based upon my personal knowledge.

Paul S. Padda, Esq.

Dated: June 6, 2012

3

## CERTIFICATE OF SERVICE

In accordance with the Court's Local Rules, this is to certify that on June 6, 2012, copies of "PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DATED JUNE 6, 2012" were placed in the United States mail (first-class, postage prepaid) addressed to the following:

1. Michele D. Collins
   Case Administrator
   FINRA West Regional Office
   300 South Grand Avenue, Suite 900
   Los Angeles, California 90071-3135

   (Representative of FINRA arbitration panel)

2. Anthony L. Valenzuela, Esq.
   Morgan Stanley Legal & Compliance Division
   101 California Street, 2nd Floor
   San Francisco, California 94111

   (Counsel for Timothy Frank McElroy, Morgan Stanley & Co., Inc., Morgan Stanley Smith Barney LLC, Morgan Stanley & Co. LLC and Morgan Stanley Capital Group, Inc.)

/s/ *Paul S. Padda*

Paul S. Padda
Cohen & Padda, LLP
Las Vegas, Nevada